**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Paul Lerman, Trustee,** | ) | **CASE NO. 1:09 CV 2444** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Rock City Bar & Grille, Inc., et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' Motion to Dismiss, filed by defendants Rock City Bar & Grille, Inc., Sawyer House, Inc., The Inn at Fowlers Mill, Inc., Chardon Vintners Cottage, Inc., and Mark J. Fuerst (Doc. 12), and upon Defendants' Motion to Dismiss Amended Complaint (Doc. 19) filed by the same defendants. This is a suit for violations of the Perishable Agricultural Commodities Act (hereinafter "PACA"), 7 U.S.C. § 499a *et seq.*, and breach of contract. For the following reasons, defendants' Motion to Dismiss is denied as MOOT and defendants' Motion to Dismiss Amended Complaint is DENIED.

1

**FACTS**

For purposes of a motion to dismiss for lack of subject matter jurisdiction based on the sufficiency of the allegations in the complaint, the allegations in the complaint are taken as true. Plaintiff, Paul Lerman, a resident of Missouri, brings this suit against defendants, Rock City Bar & Grille, Inc., an Ohio corporation, Sawyer House, Inc., an Ohio corporation, The Inn at Fowlers Mill, Inc., an Ohio corporation, Chardon Vintners Cottage, Inc., an Ohio corporation (hereinafter collectively "corporate defendants"), and Mark J. Fuerst, a resident of Ohio, alleging that defendants failed to pay for $256,729.02 worth of food items and other products corporate defendants purchased from A. LoPresti & Sons, Inc. (hereinafter "LoPresti"), an Ohio corporation.

Plaintiff is the trustee and assignee of a Trust Agreement and Assignment for the Benefit of Creditors of A. LoPresti & Sons, Inc. (hereinafter "trust agreement").  Corporate defendants are restaurants that have ceased business operations.  Defendant Fuerst owned, managed, and/or directed corporate defendants.  Plaintiff alleges that corporate defendants are dealers according to the definition set forth in PACA.  Plaintiff alleges that $43,626.49 of the amount due to LoPresti is for perishable agricultural commodities which are governed by PACA and that defendants' failure to pay for these commodities results in several violations of PACA.  Plaintiff alleges that Fuerst is the statutory trustee under PACA for the disposition of corporate defendants' assets, and that Fuerst also personally guaranteed amounts owed to LoPresti by defendants Sawyer House, Inc., The Inn at Fowlers Mill, Inc., and Chardon Vintners Cottage, Inc.  Plaintiff further alleges that defendants breached the contracts with LoPresti for purchase of the goods by failing to pay .

The amended complaint contains eight claims for relief.  Count one is a claim against corporate defendants for failure to maintain a trust in favor of LoPresti for the proceeds from the sale of the perishable agricultural commodities as required by PACA under 7 U.S.C. § 499e(c)(2) and applicable regulations.  Count two is a claim against corporate defendants and Fuerst for unlawful dissipation of PACA trust assets.  Count three is a claim against corporate defendants for unfair conduct under PACA in violation of 7 U.S.C. § 499b(4).  Count four is a claim against corporate defendants and Fuerst for breach of fiduciary duty for using PACA trust proceeds for purposes other than making full payment to LoPresti in violation of 7 U.S.C. § 499b(4), which plaintiff further claims renders the debt non-dischargeable under 11 U.S.C. § 523(a)(4).  Count five is a claim against corporate defendants for breach of contract.  Count six is a claim against defendant Fuerst for liability based on Fuerst's personal guarantee.  Count seven is a claim against all defendants for unjust enrichment.  Count eight is a claim against all defendants for interest and attorney fees.

Defendants move to dismiss the complaint, arguing that the Court lacks subject matter jurisdiction because defendants are not subject to PACA and because diversity jurisdiction is lacking.  Plaintiff opposes the motion.

**STANDARD OF REVIEW**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th

3

Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*. Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*. Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*. In such cases, the court is free to weigh any evidence properly before it to satisfy itself as to the existence of its power to hear the case. *Id. See also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

**ANALYSIS**

**A.     Defendants' Motion to Dismiss**

Subsequent to filing his brief in opposition to defendants' first motion to dismiss but prior to defendants filing their reply, plaintiff amended the complaint alleging that subject matter jurisdiction is also based on diversity. In their reply, defendants argue that this first motion to dismiss should be ruled upon before any amendment is given effect. Upon review, the Court finds that defendants' motion is moot. Once an amended complaint has been filed,[1] the new complaint supersedes the previous complaint and controls the case going forward. *Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 306-07 (6th Cir. 2000). The prior complaint is a nullity and no longer performs any function in the case. *B&H Medical, L.L.C. v. ABP Admin., Inc.,* 526 F.3d 257, 268 n.8 (6th Cir. 2008). Accordingly, defendants' first motion to dismiss is denied.

**B.     Defendants' Motion to Dismiss the Amended Complaint**

Defendants move to dismiss the amended complaint for lack of subject matter

---

[1]     The Court notes that the parties are able to amend the pleadings without leave of Court before February 28, 2010 pursuant to the Case Management Order.

jurisdiction, arguing that the parties are not diverse and that defendants are not subject to PACA.

### 1. Diversity Jurisdiction

Defendants argue that diversity jurisdiction is not present in this case because plaintiff is the assignee of an Ohio corporation,[2] and an assignee steps into the shoes of the assignor and is subject to all of the defenses that could have been raised against an Ohio corporation. Therefore, defendants argue, the assignor's citizenship controls for purposes of diversity. Defendants also stress that the cause of action is based on a Ohio contract with an Ohio corporation for goods sold in Ohio, and that the trust is an Ohio trust.

Plaintiff responds that he, as the trustee, is the only real party in interest. Plaintiff acknowledges that while he is subject to any defenses to which LoPresti may have been subject under the contracts at issue, that goes to the merits of the underlying case and is irrelevant in determining whether diversity jurisdiction exists.

Neither party cited any relevant case law.[3] Upon review, the Court finds that plaintiff has properly alleged diversity jurisdiction. It is well-settled that a trustee may invoke the diversity jurisdiction of the federal courts on the basis of his own citizenship.[4] *Navarro Savings Assn. v.*

---

[2] Defendants continually refer to LoPresti as the "Ohio corporate plaintiff," however, there is but one plaintiff in this action– Paul Lerman. LoPresti is not a party to this suit.

[3] Defendants assert that they were unable to locate relevant cases, and instead cite *Minnesota Mining & Mfg Co. v. Eco Chem, Inc.,* 757 F.2d 1256 (Fed. Cir. 1985). The language quoted by defendants relates to Fed. R. Civ. P. 25(a), Substitution of Parties, and is thus inapposite to this case.

[4] "The relative simplicity of this established principle is one of its virtues. It is of first importance to have a definition that will not invite extensive threshold litigation over jurisdiction. . . . Jurisdiction should be as self-regulated as breathing . . . litigation over whether the case is in the right court is essentially a waste of time and resources." *Navarro,* 446 U.S. at 432 n.13 (citations and internal quotations omitted).

*Lee,* 446 U.S. 458, 462 (1980); *Minogue v. Modell,* No. 1:06 CV 286, 2006 U.S. Dist. LEXIS 40026, at *18-19 (N.D. Ohio June 16, 2006) (Gaughan, J.). "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro,* 446 U.S. at 431 (citing *Bullard v. Cisco,* 290 U.S. 179, 189 (1933)). In this case, plaintiff operates under a trust agreement authorizing him to take legal title to assets, dispose of those assets for the benefit of LoPresti's creditors, collect accounts receivable, and to sue or be sued on any claims existing as to LoPresti. Accordingly, plaintiff is the real party in interest and his citizenship controls for purposes of diversity jurisdiction. Therefore, as plaintiff is a citizen of Missouri and defendants are citizens of Ohio, diversity jurisdiction exists in this case.

### 2. Federal Question Jurisdiction Under PACA

PACA defines a dealer as follows:

> The term "dealer" means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered as a "dealer" in respect to sales of any such commodity of his own raising; (B) no person buying any such commodity solely for sale at retail shall be considered as a "dealer" until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $ 230,000; and (C) no person buying any commodity other than potatoes for canning and/or processing within the State where grown shall be considered a "dealer" whether or not the canned or processed product is to be shipped in interstate or foreign commerce, unless such product is frozen or packed in ice, or consists of cherries in brine, within the meaning of paragraph (4) of this section. Any person not considered as a "dealer" under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 3, and in such case and while the license is in effect such person shall be considered as a "dealer."

6

7 U.S.C. § 499a(b)(6). Defendants argue that they are not dealers under PACA because they never had an invoice cost of purchases of perishable agricultural commodities in any calendar year in excess of $230,000, thus no federal question exists. Defendants do not submit evidence but instead refer the Court to the complaint and its exhibits. Defendants state that "[t]he allegations are that defendants purchased only $43,626.49 of perishable agricultural commodities. Therefore, by definition, they cannot be 'Dealers' under the PACA."

Plaintiff responds that the definition of "dealer" under PACA does not require the purchase of over $230,000 in perishable agricultural commodities from a single dealer, but purchases of commodities from all suppliers in a calendar year are taken into account. Moreover, plaintiff asserts that the $43,626.49 is for perishable agricultural commodities purchased from LoPresti in a single calendar quarter. Finally, plaintiff points out that it is not clear whether the $230,000 threshold even applies to corporate defendants, who are restaurants that may not have sold the goods "solely for retail."

Upon review, the Court finds that plaintiff has sufficiently alleged that defendants are subject to PACA. Plaintiff plainly alleges that corporate defendants are "dealers" under PACA and that defendant Fuerst is a statutory trustee under PACA. While ideally the allegations would be more specific, the Court is required to liberally construe the amended complaint in the light most favorable to plaintiff. Plaintiff has thus sufficiently alleged federal question jurisdiction under PACA. Accordingly, defendants' motion to dismiss the amended complaint is denied.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED as MOOT and Defendants' Motion to Dismiss Amended Complaint is DENIED.

IT IS SO ORDERED.

                               /s/ Patricia A. Gaughan
                               PATRICIA A. GAUGHAN
                               United States District Judge

Dated: 1/20/10