**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Paul Lerman,** | ) | **CASE NO. 09 CV 2444** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Rock City Bar & Grille, Inc.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Partial Summary Judgment (Doc. 24). This is a breach of contract action. For the reasons that follow, the motion is GRANTED in PART and DENIED IN PART. Summary judgment is granted in favor of plaintiff and against defendants Rock City Bar & Grille, Inc., Sawyer House, Inc., the Inn at Fowlers Mill, Inc., and Chardon Vintners Cottage, Inc. on count five. The Court *sua sponte* grants summary judgment in favor of these defendants on count seven. The remainder of plaintiff's motion is denied.

**FACTS**

1

Plaintiff, Paul Lerman, is the trustee/assignee of the Trust Agreement and Assignment for the Benefit of Creditors of A. LoPresti & Sons ("LoPresti"). Plaintiff brings this lawsuit against defendants, Rock City Bar & Grille, Inc. ("Rock City Bar"), Sawyer House, Inc. ("Sawyer House") the Inn at Fowlers Mill, Inc. ("the Inn"), Chardon Vintners Cottage, Inc. ("Chardon Vintners"), and Mark J. Fuerst. Rock City Bar, Sawyer House, the Inn, and Chardon Vintners are collectively referred to as "the Corporate Defendants." The Corporate Defendants operated various restaurants throughout this District. These defendants entered into contracts with LoPresti to supply goods for use at the restaurants. Plaintiff succeeded to LoPrestis's rights under these contracts. Accordingly, for the sake of clarity, the Court will refer to "plaintiff" as the party entitled to enforce the agreements.

At issue in this motion is the enforceability of a personal guaranty signed by defendant Fuerst. The guaranty is dated "December 29," and provides, in relevant part, as follows,

> For value received...and to induce [plaintiff]...to extend credit (or re-extend credit), enter heretofore, now or hereafter made, given or granted to the Applicant to the foregoing Credit Application (the "DEBTOR"), the undersigned hereby unconditionally guarantee the full and prompt payment when due of all sums which may be past due or presently owing, and on all sums which shall, in the future, become due and owing under any agreement and/or open account and/or lease made now or at any time hereafter between plaintiff and DEBTOR.

The guaranty is signed by defendant Fuerst and is witnessed by Bruce Older, presumably an individual employed by plaintiff. At the top of the page is a handwritten notation initialed by Older, which provides, "applies only to amounts over 29 days old." The notation is dated 12/29/06. In addition, the following handwritten "list" appears on the document,

| | |
|---|---|
| Sawyer Rest | 40512 |
| Sawyer Cafe | 40513 |
| Fowlers Mill | 40514 |
| Arabica Liberty | 40515 |

    Arabica Chardon    40516  ✔

Unlike the notation at the top of the page, this handwritten notation is not initialed and contains no date. No party attaches any other pages to the guaranty. Nor is there a "Credit Application" attached.

Plaintiff filed this lawsuit asserting eight claims for relief. Count one is asserted against the Corporate Defendants for failure to maintain a trust pursuant to the Perishable Agricultural Commodities Act ("PACA"). Count two is asserted against all defendants for unlawful dissipation of PACA trust assets. Count three is asserted against the Corporate Defendants for unfair conduct under PACA § 499(b)(4). Count four is entitled "breach of fiduciary duty of corporate defendants and defendant Mark Feurst/Non-dischargeability." Count five is a claim for "breach of contract/account" and is asserted against the Corporate Defendants. Count six asserts a claim against defendant Feurst for payment under the personal guaranty. Count seven is a claim for unjust enrichment and count eight seeks interest and attorneys' fees.

Plaintiff moves for partial summary judgment. The motion, however, fails to identify which specific claims are the subject of the motion. Having throughly reviewed the motion, it appears that plaintiff is seeking summary judgment against the Corporate Defendants on count five (breach of contract) and against defendant Feurst on count six (personal guaranty). The Corporate Defendants do not oppose the motion. Defendant Feurst, however, opposes the motion.

**<u>STANDARD OF REVIEW</u>**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986) (citing Fed. R. Civ. P. 56(c)).  *See also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255).  *See also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  When the nonmoving party bears the burden of proof, "the burden on the moving party may be

4

discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

## **ANALYSIS**

1. Corporate Defendants

During the course of discovery, the Corporate Defendants admitted that they breached various contracts between themselves and plaintiff and that they owe the following amounts:

| | |
|---|---|
| Rock City Bar: | $100,560.59 |
| Sawyer House: | $99,146.47 |
| The Inn: | $47,075.45 |
| Chardon Vintners: | $9,946.51 |

In their brief in opposition to plaintiff's motion for summary judgment, these defendants admit that summary judgment in favor of plaintiff is warranted for these amounts. As such, summary judgment in favor of plaintiff is granted on count five (breach of contract). Moreover, the Court *sua sponte* grants summary judgment in favor of the Corporate Defendants on count seven. Count seven is a claim for unjust enrichment. It is well-settled, however, that a claim sounding in quasi-contract cannot succeed where an underlying contract exists governing the same subject matter. *Ullmann v. May*, 72 N.E.2d 63 (Ohio 1947), *paragraph four of the*

5

*syllabus*. Having granted summary judgment in favor of plaintiff with respect to the breach of contract claim, plaintiff cannot also recover for unjust enrichment.

        2.        Defendant Feurst

Plaintiff argues that he is entitled to summary judgment against defendant Feurst because of the personal guaranty Feurst signed. Specifically, plaintiff argues that Feurst is liable for the debts of Sawyer House, the Inn, and Chardon Vintners. According to plaintiff, these are the entities identified by the handwritten note on the guaranty. As such, plaintiff claims that Feurst is liable for these debts. Defendant Feurst argues that the guaranty applies only to Sawyer House. He claims that the guaranty is not complete and that an additional page exists that plaintiff has not provided. Feurst claims that the additional page makes clear that he agreed to guaranty payment only for Sawyer House. In addition, defendant argues that the list of entities present on the face of the guaranty is not in his handwriting. Nor is it initialed or dated by any party. According to Feurst's affidavit, at the time he signed the guaranty, the handwritten list was not present on the document. As such, he never agreed to this term. He further argues that the handwritten note at the top of the guaranty, *i.e.*, "applies only to amounts over 29 days old," is in his handwriting. According to Feurst's affidavit, he handwrote the provision in order to make clear that he was only agreeing to be personally liable for amounts over 29 days old at the time the document was signed. He claims that he never agreed to be liable for any future purchases made by any Corporate Defendant. On the other hand, plaintiff offers the affidavit of Michael Wiedower, who avers that the parties understood the language to mean that defendant Feurst would guarantee any outstanding debts existing on the date any of the listed restaurants closed.

6

Upon review, the Court finds that, based on plaintiff's submission, summary judgment is not warranted. "An enforceable contract may be created where there is an offer by one side, acceptance on the part of the other, and a meeting of the minds as to the essential terms of the agreement." *McCarthy, Lebit, Crystal & Haiman Co. v. First Union Management, Inc.*, 622 N.E.2d 1093, 1097-98 (Ohio Ct. App. 8th Dist. 1993). In order to form a valid contract, the parties "must have a distinct and common intention which is communicated by each party to the other." *Id*. at 1098.

The Ohio Supreme Court has defined the elements of a contract as follows:

'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'

*Kostelnick v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002) (quoting *Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D. Ohio 1976)). To prove the existence of a contract, a plaintiff must show that there was a "meeting of the minds" and that the contract was definite as to its essential terms. *Id. See also Nilavar v. Osborn*, 711 N.E.2d 726, 732 (Ohio Ct. App. 2nd Dist. 1998).

In ascertaining whether there is a meeting of the minds, courts must focus on the objective manifestations by the parties. Courts presume that the element "meeting of the minds" is satisfied where the party enforcing the contract can point to a written and signed agreement that is clear and unambiguous. "Ordinarily, one of full age in possession of his faculties and able to read and write, who signs an instrument and remains acquiescent to its operative effect" is bound by the terms set forth therein. *See Cuyahoga Cty. Hospitals v. Price*, 581 N.E.2d 1125, 1128 (Ohio Ct. App. 8th Dist. 1989) (*quoting Kroeger v. Brody*, 200 N.E. 836, 839 (Ohio 1936)).

Ohio courts have further noted that, while the interpretation of the terms of a contract is undertaken as a matter of law, the existence of a contract is a question for the trier of fact. *Gruenspan v. Seitz*, 705 N.E.2d 1255, 1264 (Ohio Ct. App. 8th Dist. 1997). *See also Oglebay Norton Co. v. Armco, Inc.*, 556 N.E.2d 515, 519 (Ohio 1990) (holding that "[w]hether the parties intended to be bound . . . is a question of fact properly resolved by the trier of fact"); *PHD, Inc. v. Coast Business Credit*, 147 F.Supp.2d 809, 820 (N.D.Ohio 1997) (applying Ohio law, holding that "[w]hether or not a contract exists is a question of fact"). Only in the clearest cases should a court decide as a matter of law whether the parties intended a contract. *Arnold Palmer Golf Co. v. Fiqua Industries, Inc.*, 541 F.2d 584, 588 (6th Cir. 1976) (applying Ohio law).

In this case, based on the evidence submitted, the Court cannot say that the parties agreed that defendant Feurst would personally guarantee the debts of the particular restaurants outlined on the face of the guaranty. The guaranty expressly provides that it applies to amounts incurred by the "debtor," which is defined in the guaranty as the "Applicant to the *foregoing* Credit Application." (Emphasis added). The only credit application attached to plaintiff's motion is that of Rock City Bar. Even plaintiff, however, does not claim that Feurst personally guaranteed the debts of Rock City Bar. Plaintiff fails to attach any other "Credit Application," which could even arguably relate to the guaranty. Moreover, at a minimum there is a question of fact as to whether a meeting of the minds exists with regard to the "list of entities" appearing on the face of the guaranty. The handwriting has not been identified and, unlike the notation appearing at the top of the document, neither party initialed or signed the "list of entities" provision. Defendant Feurst avers that the language was not present at the time he signed the document. Based on the foregoing, the Court cannot say, as a matter of law, that the parties agreed that the

8

guaranty would apply to the restaurants identified in the handwritten list.

The Court further concludes that summary judgment with respect to meaning of the handwritten phrase "applies to amounts over 29 days old" is not warranted. As an initial matter, the Court strongly notes that no party argues that the phrase is unambiguous on its face. Rather, plaintiff offers the affidavit of Michael Wiedower, who avers that the parties understood the language to mean that defendant Feurst would guarantee any outstanding debts existing on the date any of the restaurants closed. On the other hand, Feurst avers that the he agreed to guarantee only those debts that were "over 29 days old" at the time he signed the document.

By offering this extrinsic evidence, the Court concludes that both parties agree that the phrase is ambiguous, as extrinsic evidence purporting to demonstrate the parties' intent cannot be considered in determining whether a contract is ambiguous. *Schachner v. Blue Cross and Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996); *See also Ed Schory & Sons, Inc. v. Society National Bank*, 662 N.E.2d 1074, 1080 (Ohio 1996). Rather, a court can consider extrinsic evidence only upon a finding that the language is ambiguous. Once a finding of ambiguity is made, interpretation of the contract will generally become a question of fact for the jury. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 817-18 (6th Cir. 1999).

In that neither party asks the Court to conclude that the phrase is clear and unambiguous, and because the Court finds that both interpretations offered by the parties appear reasonable, the Court concludes that a question of fact exists as to the meaning of the phrase "applies to amounts over 29 days old." Accordingly, summary judgment is not warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. 24) is

GRANTED in PART and DENIED in PART.  Summary judgment is granted in favor of plaintiff and against defendants Rock City Bar & Grille, Inc., Sawyer House, Inc., the Inn at Fowlers Mill, Inc., and Chardon Vintners Cottage, Inc. on count five.  The Court *sua sponte* grants summary judgment in favor of these defendants on count seven. The remainder of plaintiff's motion is denied.

       IT IS SO ORDERED.

                                     /s/ Patricia A. Gaughan
                                     PATRICIA A. GAUGHAN
                                     United States District Judge

Dated: 5/21/10